IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOEY WOODUS                                                               PLAINTIFF

v.                      CASE NO. 4:16CV00745-BRW

UNION PACIFIC RAILROAD CO.                                DEFENDANT

**PLAINTIFF JOEY WOODUS' AMENDED PRE-TRIAL DISCLOSURES**

Plaintiff Joey Woodus, by and through counsel, submits the following disclosure **with corrected case number** pursuant to Rule 26(a)(3), provides the following:

**1.**      **The identity of the party submitting information:**

Joey Woodus - Plaintiff

**2.**      **The names, addresses, and telephone numbers of all cousel for the party.**

Chester H. Lauck, III
LAUCK LAW FIRM
210 Thayer St.
Little Rock, AR 72201
Phone: (501) 375-2825
Facsimile: (501) 375-2826
chet@laucklawfirm.com

James R. Ferguson
Law Office of H. Chris Christy, PA
201 W. Broadway, Ste. G12
North Little Rock, AR 72114
Phone: (501) 758-0278
Facsimile: (501) 758-0480
Jferguson.raillaw@gmail.com

**3.**      **A brief summary of claims and relief sought.**

Plaintiff Joey Woodus has brought this suit alleging discrimination on the basis of disability, or perceived disability, and seeks relief under the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, *et seq.*, due to being removed from service of Defendant Union Pacific Railroad Company and placed on restrictions that prevent him from performing labor jobs. Plaintiff seeks reinstatement to his position or in the alternative future lost wages and benefits and/or earning capacity, back wages and benefits along with pre-judgment interest, compensatory damages, mental anguish, punitive damages, and attorney's fees and expenses.

4. **Prospects for settlement.**

Plaintiff has made a demand on Defendant for settlement of the claim. It appears, at this time, that settlement is not likely.

5. **The basis for jurisdiction and objections to jurisdiction.**

Jurisdiction is vested in this Court by virtue of the ADA 42 U.S.C. § 12101, *et seq.*

6. **A list of pending motions.**

Defendant's Motion for Summary Judgment has been fully briefed.

7. **A concise summary of the facts.**

This Americans with Disability Act case involves discriminatory removal from service and assignment of disqualifying work restrictions by the Union Pacific Railroad Health and Medical Services of railroad track laborer, Joey Woodus, despite him having three treating doctors who released him to return to work without any restrictions whatsoever. Mr. Woodus had a stroke in April of 2015 and returned to work after his brief hospitalization. On March 2, 2016, Mr. Woodus had what can only be concluded to be a temporary unexplained episode of an altered mental state and weakness. Management and co-workers, having known about the previous stroke called an ambulance and he was taken to the emergency room at Duncan Regional Hospital in rural Oklahoma. At the hospital, Mr. Woodus underwent some testing, but his symptoms subsided while there and he opted to return to the Little Rock area to see his own doctor. He was given return to work

documentation by his family doctor, Dr. Archie Hearne the following day. Because Union Pacific's policies regarding strokes, transient ischemic attacks and temporary neurologic events, it decided to require Mr. Woodus to undergo extensive evaluation requiring a cardiological examination and a neurological examination. Both specialists in this case cleared Mr. Woodus to return to work without any restrictions. Additionally, radiological reports including a brain MRI and CT-scan showed non-acute findings. Regardless, the Defendant failed to return Mr. Woodus to work and has held him off indefinitely.

Defendant draws attention to after-acquired evidence that Mr. Woodus had a stroke to dispute Dr. Daaif's opinion and implement a longer time period of work restrictions, an increase from one year to five years. Despite Mr. Woodus's contention that the prior history of stroke was known since April of 2015, and the fact that the defendant's own records show that it knew of Mr. Woodus's history as early as March 2, 2016, the defendant did not obtain these records until October of 2017.

**8. All proposed stipulations.**

1. Plaintiff Joey Woodus began his employment with UPRR in July 1996 as a trackman.

2. On March 2, 2017, Woodus was in Duncan, Oklahoma. Early in the morning, Woodus' coworkers discovered him in his hotel room confused and shaking. Woodus was taken to Duncan Regional Hospital emergency room. A CT scan was conducted that showed no evidence of any acute stroke.

3. Upon returning to Little Rock, Woodus was seen by his family physician, Dr. Archie Hearn. Dr. Hearn examined Woodus and released him to full duty with no restrictions.

4. Dr. Charbonneau, Associate Medical Director for Union Pacific Railroad

   Company, ignored Dr. Hearn's findings and determined that Woodus was not fit to return to duty for Union Pacific. Dr. Charbonneau ordered Woodus to attend full neurology and cardiology evaluations for Woodus.

5. Woodus underwent examination and work up by cardiologist Dr. Randy Minton and neurologist Dr. Mohammed Daaif and was cleared to return to full duty by both.

6. Dr. Charbonneau again ignored Woodus' physicians and declared that Woodus was not fit to return to duty for Union Pacific on August 12, 2016.

7. Mark Wheeland, Chief Engineer for the Southern Region reviewed Dr. Charbonneau's restrictions and determined that Woodus could not be accommodated that that there was no position for him.

8. In May 2017, after waiting for Union Pacific's one year prohibition to expire, Woodus contacted Union Pacific and requested that he be returned to work.

9. Union Pacific ordered Woodus to undergo another neurological workup before being returned to service.

10. Woodus had the neurological workup completed by Dr. Daaif on November 20, 2017. Dr. Daaif once again determined that Woodus did not suffer from a stroke in 2016 and that he was cleared to return to work with no restrictions.

11. Woodus informed Union Pacific Railroad supervisor Van Jones of his stroke in April of 2015.

12. Woodus was never pulled from service due to the stroke he sustained in April of 2015.

13. All of Woodus' treating physicians, including Dr. Hearn, Dr. Daaif, and Dr.

        Minton knew about his previous stroke in April of 2015.

14.     Woodus filed a charge of discrimination under the ADA on September 2, 2016. The EEOC issued a notice of right to sue to Woodus on September 7, 2016. Woodus filed this lawsuit on October 13, 2016.

15.     Stipulation for authenticity and admissibility for all of Plaintiff's medical records.

**9.     The issues of fact expected to be contested.**

1.     Whether knew about Plaintiff's previous stroke in April of 2015 prior to November of 2017.

2.     Whether Plaintiff sustained an incapacitating neurological event on March 2, 2017.

3.     It is anticipated that Defendant will dispute that it failed to follow its own medical rules and procedures in making a determination as to Plaintiff's fitness for duty.

4.     Whether Plaintiff is at sufficient risk for an incapacitating event to justify being held out of service.

5.     Whether Defendant should have ignored the recommendations of Plaintiff's treating doctors in assigning him work restrictions.

6.     Whether Defendant's stated reasons for assigning restrictions on Plaintiff and withholding him from service are pretext for discrimination.

**10.    Issues of law expected to be contested.**

1.     Whether Defendant regarded Woodus as having a disability.

2.     Whether Defendant had a legitimate business reason for withholding Plaintiff

       from all service.

   3.     Whether Defendant's state reasons for assigning restrictions on Plaintiff and withholding him from service are pretext for discrimination.

**11.** **A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statements, closing arguments, or any other part of the trial, whether or not they will be offered in evidence.**

1. Duncan Oklahoma Regional Medical Center Records.
2. Medical Records of Dr. Archie Hearn.
3. Medical Records of Dr. Mohammad Daaif.
4. Medical Records of Dr. Randall B. Minton.
5. Letter to from UP with Plaintiff's permanent restrictions dated 8/17/16.
6. Supplemental doctor's statement signed by Dr. Holland dated 3/21/16.
7. Supplemental doctor's statement signed by Dr. Holland dated 8/18/16.
8. Letter from UP extending Plaintiff's leave of absence dated 8/11/16.
9. Letter from UP extending Plaintiff's leave of absence dated 5/13/16.
10. Letter from UP extending Plaintiff's leave of absence dated 4/5/16.
11. Letter from UP placing Plaintiff on medical leave of absence dated 3/3/16.
12. Letter from UP placing Plaintiff on medical leave of absence dated 3/9/16.
13. Letter from UP placing Plaintiff on medical leave of absence dated 8/24/16.
14. Letter from Cameron Scott in January 2016 with UP EEO policy enclosed.
15. Letter from Terry Owens regarding vocational rehabilitation dated 8/22/16.
16. Plaintiff's wage information.

17. Federal Motor Carrier Safety Administration guidelines.

18. Defendant's Medical Comments Summary.

19. Any exhibits identified by Plaintiff in his response to Defendant's Statement of Facts and Statement of Additional Facts.

All exhibits are expected to be offered by Plaintiff.

**12. The names and contact information of witnesses:**

Plaintiff will call the following:

> Joey Woodus
> PO Box 195886
> Little Rock, AR 72219
>
> Mohammed Daaif, M.D.
> 9600 Baptist Health Drive
> Little Rock, AR 72205

Plaintiff may call the following:

> Mark Wheeland
> Union Pacific employee
>
> Dr. John Charbonneau by deposition
>
> Dr. Archie Hearn by deposition
>
> Rhonda Ross
> Union Pacific employee
>
> Terry Owens
> Union Pacific employee
>
> Any individual identified by Defendant
>
> Any company representative at trial for Defendant

**13. Current Status of Discovery:**

Complete.

**14.    Estimated length of trial:**

2-3 days.

By: s/ Chester H. Lauck, III
Chester H. Lauck, III
LAUCK LAW FIRM
117 S. Victory St.
Little Rock, AR 72201
Phone: (501) 375-2825
Facsimile: (501) 375-2826
chet@laucklaw.com

&

James R. Ferguson
LAW OFFICE OF H. CHRIS CHRISTY, PA
201 W. Broadway, Ste. G12
North Little Rock, AR 72114
Phone: (501) 758-0278
Facsimile: (501) 758-0480
Jferguson.raillaw@gmail.com

**CERTIFICATE OF SERVICE**

I, James R. Ferguson, hereby certify that a true and correct copy of the foregoing pleading has been served upon all counsel of record on this the 2 day of January, 2018.

Elizabeth Robben Murray
Allison Pearson
Khayyan Eddings
Friday, Eldredge & Clark LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
Murray@fridayfirm.com
Afray@fridayfirm.com

Torry Garland
Union Pacific Railroad Company
Law Department
1400 Douglas Street
Omaha, NE 68179
Telephone: (402) 544-3135

E-mail: tngarland@up.com

                                                          s/ Chester H. Lauck, III\_\_\_\_  
                                                          Chester H. Lauck, III