IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOEY WOODUS                                                                                    PLAINTIFF

v.                                  CASE NO. 4:16-CV-745 BRW

UNION PACIFIC RAILROAD COMPANY                                              DEFENDANT

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S AMENDED PRETRIAL DISCLOSURES

COMES NOW, Defendant, Union Pacific Railroad Company ("UPRR"), by and through its undersigned counsel FRIDAY, ELDREDGE & CLARK, LLP, and for its Objections to Plaintiff's Pretrial Disclosures states as follows:

1. Defendant notes its objections to items in Plaintiff's Amended Pretrial Disclosures as identified therein.

2. With respect to Plaintiff's, "**7. A concise summary of facts**", Defendant objects to Plaintiff's claim that UPRR management knew about Plaintiff's previous stroke as unsupported by the record.  Only Plaintiff's self-serving affidavit states that he had previously reported his 2015 stroke to management or co-workers.  *See* Woodus Aff., [Doc. # 30-1 at ¶¶ 3, 4]; *see also* Woodus Medical Comments History, Exhibit C to Charbonneau Aff., [Doc. # 23-3 at 43] (Plaintiff stating "I didn't have a stroke this year, I had a stroke last year."); *id.* at 41 ("[N]o info on CVA last year.  EE did not come thru FFD.").  Moreover, it was Plaintiff's duty to self-report the prior stroke.  *See* UPRR Medical Rules, Exhibit B to Charbonneau Aff., [Doc. # 23-3].  Indeed, Dr. Charbonneau stated that Plaintiff's 2015 stroke was a significant cortical stroke that would have warranted five years

of medical restrictions had UPRR been aware of the prior stroke. Charbonneau Decl. at p. 9, ¶ 26, [Doc. # 23-3].

3. Defendant objects to the following with respect to Plaintiff's "**8. All proposed stipulations**". Defendant refers to Plaintiff's proposed stipulations as numbered by Plaintiff.

- **4.** Defendant objects to Plaintiff's characterization that, "Dr. Charbonneau, Associate Medical Director for Union Pacific Railroad Company, ignored Dr. Hearn's findings . . ." as unsupported by the record. The record demonstrates that Dr. Charbonneau reviewed Dr. Hearne's records and spoke to Dr. Hearne via telephone but found that Plaintiff had not yet completed the requisite neurology workup, which Dr. Hearne encouraged Plaintiff to complete, or submitted records from a cardiology workup at that time. *See* Woodus Medical Comments History, Exhibit C to Charbonneau Aff., [Doc. # 23-3 at 39-41].

- **6.** Defendant objects to Plaintiff's characterization that, "Dr. Charbonneau again ignored Woodus' physicians and declared that Woodus was not fit to return to duty for Union Pacific on August 12, 2016." The record demonstrates that Dr. Charbonneau reviewed all records provided by Plaintiff and his treating providers but found that their conclusions were based on incomplete and inaccurate information provided by Plaintiff. *See* Woodus Medical Comments History, Exhibit C to Charbonneau Aff., [Doc. # 23-3 at 37].

- **8.** Defendant objects to Plaintiff's proposed stipulation that, "In May 2017, after waiting for Union Pacific's one year prohibition to expire, Woodus contacted Union Pacific and requested that he be returned to work." Plaintiff's medical restrictions were not set to automatically expire after one year. Rather, Health and Medical Services ("HMS") staff spoke with Woodus on multiple occasions and explained that he would need to submit requested medical documentation and obtain a fitness for duty determination before he could return to his position as a Track Maintenance Worker. *See, e.g.*, Woodus Medical Comments History, Exhibit C to Charbonneau Aff., [Doc. # 23-3 at 30, 32-34, 36, 38-39]; *see also* Exhibit E to Wheeland Aff., [Doc. #23-4 at 16] ("If updated medical information is received, we will be glad to have the information reviewed and obtain another fitness-for-duty decision.").

- **10.** Defendant objects to Plaintiff had a "neurological workup completed by Dr. Daaif on November 20, 2017. Dr. Daaif's November 20, 2017 treatment record states that, "for a full workup I will order a CTA of the head and neck to rule out stenosis or further complications." [Doc. # 33-1 at 13]. Plaintiff has not provided any evidence that he completed the CTA ordered by Dr. Daaif, and thus, Defendant objects to the characterization of Plaintiff's November 20, 2017 appointment with Dr. Daaif as a "neurological workup" as unsupported by the record.

- **11.** Defendant objects to Plaintiff's proposed stipulation that, "Woodus informed Union Pacific Railroad supervisor Van Jones of his stroke in

April of 2015" on the basis of foundation and materiality. (Defendant notes that Plaintiff's affidavit and deposition testimony refer to a "Ben Jones" rather than Van Jones. Neither has been listed as a potential witness, and Defendant maintains that Plaintiff's alleged reports to Jones are immaterial regardless). Plaintiff has produced no evidence apart from his self-serving affidavit to support this allegation, including Jones's status as a supervisor or manager, and has not listed Jones as a potential witness at trial. *See* Woodus Aff., [Doc. # 30-1 at ¶¶ 3, 4]; [Doc. # 44].

- **12.** Defendant objects to Plaintiff's proposed stipulation that, "Woodus was never pulled from service due to the stroke he sustained in April of 2015," on the basis that Plaintiff never informed Defendant of his 2015 stroke prior to his 2016 stroke. Plaintiff has not produced any evidence apart from his self-serving affidavit indicating that he made such reports, and has not listed any potential witnesses to testify to that effect. *See* Woodus Aff., [Doc. # 30-1 at ¶¶ 3, 4]; [Doc. # 44]; *see also* Woodus Medical Comments History, Exhibit C to Charbonneau Aff., [Doc. # 23-3 at 43] (Plaintiff stating "I didn't have a stroke this year, I had a stroke last year."); *id.* at 41 ("[N]o info on CVA last year. EE did not come thru FFD.").

- **13.** Defendant objects to Plaintiff's proposed stipulation that, "All of Woodus' treating physicians, including Dr. Hearn, Dr. Daaif, and Dr. Minton knew about his previous stroke in April of 2015" as vague and unsupported by the record. *See, e.g.*, Woodus Medical Comments

4

History, Exhibit C to Charbonneau Aff., [Doc. # 23-3 at 37] ("This EE is a Trackman and has provided historically inaccurate information to the examining neurologist, telling the neurologist that he has never had a stroke . . . .").

- **14.** Defendant stipulates to authenticity of Plaintiff's medical records only to the extent that the parties present complete versions of medical records. Defendant does not stipulate to the admissibility of medical records and reserves objections with respect to the same. Specifically, with respect to the records of Dr. Randall B. Minton, Defendant objects to their admissibility as lacking a foundation, since Plaintiff has not listed Dr. Minton as a potential witness. [Doc. # 44].

4. Defendant objects to the following with respect to Plaintiff's "**9. The issues of fact expected to be contested**". Defendant refers to the same as numbered by Plaintiff.

- **1.** Defendant objects on the basis of materiality, relevance, and foundation as to, "[w]hether [Defendant] knew about Plaintiff's previous stroke in April of 2015 prior to November of 2017."
- **2.** Defendant objects as, "[w]hether Plaintiff sustained an incapacitating neurological event on March 2, 2017" is a determination squarely within Defendant's business judgment. *See Fischer v. Minneapolis Pub. School*, 792 F.3d 985, 988-89 (8th Cir. 2015) (court "do[es] not sit as a super-personnel department that reexamines an entity's business decisions"); *see also* 42 U.S.C. § 12112(b)(6) (employers may use qualification standards that are job-related and

consistent with business necessity). Defendant maintains that Plaintiff raises no genuine issue of material fact.

- **3.** Defendant objects to Plaintiff's assertion that "Defendant will dispute that it failed to follow its own medical rules and procedures in making a determination as to Plaintiff's fitness for duty." Plaintiff's fitness for duty is a determination squarely within Defendant's business judgment, and Defendant maintains that Plaintiff raises no genuine issue of material fact. *See id.*

- **4.** Defendant objects as, "[w]hether Plaintiff is at sufficient risk for an incapacitating event to justify being held out of service" is a determination squarely within Defendant's business judgment. *See id.* Defendant maintains that Plaintiff raises no genuine issue of material fact.

- **5.** Defendant objects on the grounds that Plaintiff lacks a foundation for his claim that "Defendant . . . ignored the recommendations of Plaintiff's treating doctors in assigning him work restrictions." The record reflects that HMS staff, including Dr. Charbonneau, reviewed all medical records provided by Plaintiff, and Plaintiff's fitness for duty is a determination squarely within Defendant's business judgment. *See* Woodus Medical Comments History, Exhibit C to Charbonneau Aff., [Doc. # 23-3 at 37]; *Fischer*, 792 F.3d at 988-89. Thus, Defendant maintains that Plaintiff raises no genuine issue of material fact.

- **6.** Defendant objects on the basis that "[w]hether Defendant's stated reasons for assigning restrictions on Plaintiff and withholding him from service are pretext for discrimination" is a question of law, as noted in Plaintiff's Amended Pretrial Disclosures. *See* [Doc. 44 at 6]. Defendant maintains that Plaintiff raises no genuine issue of material fact.

5. Defendant objects to the following with respect to Plaintiff's "**11. A list and brief description of exhibits, documents, charts, [etc.]**". Defendant refers to the same as numbered by Plaintiff.[1]

    - **4.** Defendant objects to presentation of "Medical Records of Dr. Randall B. Minton," as lacking a foundation. Plaintiff has not listed Dr. Minton as a potential witness.

    - **14.** Defendant objects to Plaintiff's presentation of "Letter from Cameron Scott in January 2016 with UP EEOC policy enclosed" as Plaintiff has not provided it to Defendant despite Defendant's requests for the same. Defendant reserves the right to examine this exhibit and state additional objections upon inspection.

    - **16.** Upon representations by Plaintiff's Counsel, Defendant believes that Plaintiff will rely on wage information provided by Defendant. Defendant does not object to the presentation of such records. Defendant, however, reserves the right to examine and state additional

---

[1] As noted above, Defendant does not object to the medical records listed in items one through three on the basis of authenticity, so long as Plaintiff presents complete copies of these records. Defendant reserves objections with respect to their admissibility.

objections to any other evidence offered as exhibits by Plaintiff with respect to his wages.

- **17.** Defendant believes that Plaintiff will rely on Federal motor Carrier Safety Administration ("FMCSA") guidelines provided by Defendant.  Defendant does not object to the presentation of such records.  Defendant, however, reserves the right to examine and state additional objections to any other FMCSA or other agency guidelines that plaintiff offers as evidence that has not been previously provided to Defendant.

          Respectfully submitted,

          Elizabeth Robben Murray (Ark. Bar #79244)
          Khayyam M. Eddings (Ark. Bar #2002008)
          Allison C. Pearson (Ark. Bar #2017122)
          FRIDAY, ELDREDGE & CLARK LLP
          400 West Capitol Avenue, Suite 2000
          Little Rock, AR 72201
          Telephone: (501) 370-1534
          Facsimile: (501) 376-3476
          E-mail: Murray@fridayfirm.com
          E-mail: KEddings@fridayfirm.com
          E-mail: APearson@fridayfirm.com

          Torry N. Garland (Neb. Bar # 21624)
          Union Pacific Railroad Company,
          Law Department
          1400 Douglas Street
          Omaha, NE 68179
          Telephone: (402) 544-3135
          E-Mail: tngarlan@up.com

          By: */s/ Elizabeth Robben Murray*
                Elizabeth Robben Murray

          Attorneys for Defendant
          Union Pacific Railroad Company

## **CERTIFICATE OF SERVICE**

I, Elizabeth Robben Murray, certify that on this 17th day of January, 2018, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following CM/ECF user:

Chester H. Lauck, III
chet@laucklawfirm.com

James R. Ferguson
Jferguson.raillaw@gmail.com

                                            By: */s/ Elizabeth Robben Murray*
                                                Elizabeth Robben Murray