IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOEY WOODUS                                                            PLAINTIFF

VS.                                   4:16-CV-00745-BRW

UNION PACIFIC RAILROAD COMPANY                         DEFENDANT

ORDER

Defendant's Objections to Plaintiff's Deposition Designations of Dr. Mohammed Daaif

are (Doc. No. 59) are OVERRULED,[1] save two exceptions.  The objections to pages 11 and 12

are SUSTAINED, if seizures are not an issue in this case.

Defendant's Motion to Exclude, or in the Alternative, Motion in Limine (Doc. No. 57) is

GRANTED IN PART and DENIED IN PART.

**Defendant's request to exclude "hearsay evidence about any alleged comparators"**

**is DENIED** because the issue will be resolved during trial.  For example, Plaintiff may not

testify about what a comparator said, but if he has examples of comparator treatment based on

Defendant's documents, the testimony might be admissible.

**Defendant's request to exclude any testimony that Plaintiff has an actual disability**

**is GRANTED.**  The complaint alleges only that he was "a Union Pacific employee with a

perceived disability."[2]  Additionally, Plaintiff has conceded that he does not have an actual

disability.

**Defendant's request for the exclusion of "any evidence of [its] failure to provide**

**Plaintiff with reasonable accommodations" is DENIED.**  I believe Defendant was only

---

[1]Most of these objections can be dealt with during cross-examination.

[2]Doc. No. 1.

required to accommodate an actual disability.  However, if Plaintiff has evidence of Defendant

treating another employee with a perceived disability more favorably, that might be relevant to

his discrimination claim.  This issue is better dealt with during trial.

**Defendant's motion to exclude testimony that Dr. Hearne and Dr. Daaif had**

**complete knowledge of Plaintiff's job description and duties is DENIED.**  If testimony about

their knowledge of job duties comes out on direct, and Defendant believes it is incorrect,

Defendant can impeach the witnesses during cross-examination.

**Defendant's request to exclude testimony that Dr. Daaif released Plaintiff to**

**return to work full-duty is DENIED.**  Again, if this testimony comes in, Defendant can deal

with it on cross-examination.

**Defendant's request to exclude testimony regarding Plaintiff's retirement eligibility**

**is DENIED.**  The issue appears to be related to damages.  Of course, how near he was to retiring

needs to be fleshed out.

IT IS SO ORDERED this 5th day of April, 2018.

/s Billy Roy Wilson
UNITED STATES DISTRICT JUDGE