**PLEASE DO NOT OPEN UNTIL COURT IS IN SESSION**

*Court Copy*
*(Sign verdict form attached at back)*

# PLEASE DO NOT READ AHEAD

# CLOSING INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of or during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Each of you has a copy to follow if you want to, but please do not read ahead of me. You may make notes on your copy of the instructions during closing arguments, but please do not mark on my copy -- the one where I have written "Court's Copy" on the front page. Again, all instructions, whenever given and whether in writing or not, must be followed.

While you are the sole judges of fact in this case, it is your duty to accept the law as given to you by me in these instructions and to apply the law to the facts as you find them to have been proved. You may not disregard the law and look for any theory unsupported by credible evidence upon which to build a verdict one way or the other, nor to return a verdict based upon your own notions of what the law is or ought to be.

## CLOSING INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

## CLOSING INSTRUCTION NO. 3

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind for the purposes of this case.

## CLOSING INSTRUCTION NO. 4

Plaintiff alleges that Defendant discriminated against him because of a perceived disability.

Your verdict must be for Plaintiff and against Defendant if all of the following elements have been proved:

*First*, Defendant regarded Plaintiff as having disability based on his March 2, 2016 episode;

*Second*, Defendant withheld Plaintiff from service on the basis of that perceived disability;

*Third*, Plaintiff could have performed the essential functions of his job as a track maintenance worker with machine operator rights at the time Defendant assigned medical restrictions; and

*Fourth*, Defendant's belief regarding Plaintiff's perceived disability was a motivating factor in Defendant's decision to withhold him from service.

If any of the above elements has not been proved, then your verdict must be for Defendant. You may find that Plaintiff's perceived disability was a motivating factor in Defendant's decision if it has been proved that Defendant's stated reason for its decision is a pretext to hide discrimination.

## CLOSING INSTRUCTION NO. 5

Plaintiff contends that Defendant regarded him as having an impairment, that is, a medical condition which it considered to have a substantially limiting impact on one or more of his major life activities or that it misclassified him as such. The Americans with Disabilities Act protects people who have records of disabilities or who are regarded or perceived as having disabilities – even if they do not and never had actual disabilities – to the same extent as it protects persons with actual disabilities.

A person is "regarded as" having a disability if: (1) the person may have had an impairment that is not substantially limiting but is treated by the employer as if it were substantially limiting; or (2) the person may have an impairment that is substantially limiting only because of the attitudes of others toward the impairment; or (3) the person may have no impairment at all but is regarded by the employer as having a substantially limiting impairment.

To establish that Defendant regarded Plaintiff as having a disability, Plaintiff must show that Defendant entertained misperceptions about him and believed either that he had a substantially limiting impairment that he did not have or that he had a substantially limiting impairment when, in fact, it was not so limiting. Defendant's knowledge of Plaintiff's impairment or knowledge that Plaintiff was likely to develop a medical condition in the future is insufficient to establish that Defendant perceived Plaintiff as having a disability.

Likewise, being regarded as being unqualified for a particular job because of a limiting physical impairment is not the same thing as being regarded as disabled. Therefore, Plaintiff must show that Defendant regarded him as disabled and not merely unqualified for his particular job. If Plaintiff fails to show that Defendant regarded him as disabled, then you must find for Defendant.

## CLOSING INSTRUCTION NO. 6

In determining whether a job function is essential, you should consider the following factors: (1) the employer's judgment as to which functions of the job are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function in question; (4) consequences of not requiring the person to perform the function; (5) the terms of a collective bargaining agreement; (6) the work experience of persons who have held the job; (7) the current work experience of persons in similar jobs; (8) whether the reason the position exists is to perform the function; (9) whether there are a limited number of employees available among whom the performance of the function can be distributed; and (10) whether the function is highly specialized and the individual in the position was hired for his expertise or ability to perform the function.

No one factor is necessarily controlling. You should consider all of the evidence in deciding whether a job function is essential.

The term "essential functions" means the fundamental job duties of the employment position Plaintiff holds. The term "essential functions" does not include the marginal functions of the position.

## CLOSING INSTRUCTION NO. 7

As used in these instructions, Plaintiff's perceived disability was a "motivating factor," if Plaintiff's perceived disability played a part in Defendant's decision to assign Plaintiff temporary medical restrictions. However, Plaintiff's perceived disability need not have been the only reason for Defendant's decision to assign him temporary medical restrictions.

## CLOSING INSTRUCTION NO. 8

You may not return a verdict for Plaintiff just because you might disagree with Defendant's decision to assign medical restrictions or believe it to be harsh or unreasonable.

## CLOSING INSTRUCTION NO. 9

An employer may use qualification standards, including medical examinations, for employees so long as those standards are job-related for the position in question and consistent with business necessity. If you find that Defendant's use of qualification standards, including the requirement that Plaintiff complete medical evaluations before returning to his position as a track maintenance worker, was related to Plaintiff's job and consistent with Defendant's business necessities, then you should not consider the use of those standards to be evidence of discrimination.

## CLOSING INSTRUCTION NO. 10

Your verdict must be in favor of Defendant and against Plaintiff if it has been proved that:

Defendant assigned Plaintiff temporary medical restrictions because he posed a direct threat to the health or safety of himself and others in the workplace; and

A direct threat means a significant risk of substantial harm to the health or safety of the person or other persons that cannot be eliminated by reasonable accommodation. The determination that a direct threat exists must be based on an individualized assessment of the plaintiff's present ability to safely perform the essential functions of the job.

In determining whether a person poses a direct threat, you must consider: (1) the duration of the risk; (2) the nature and severity of the potential harm; (3) the likelihood that the potential harm will occur; and (4) the likely time before the potential harm occurs.

## CLOSING INSTRUCTION NO. 11

If you find in favor of Plaintiff under Instruction No. 4, then you must award him such sum as you find will fairly and justly compensate him for any damages you find Plaintiff sustained as a direct result of Defendant's decision to place work restrictions on him that disqualified him from his job. Plaintiff's claim for damages includes two distinct types of damages and you must consider them separately.

First, you must determine the amount of any wages and fringe benefits Plaintiff would have earned in his employment with Defendant if he had not been disqualified for work from March 2, 2016 through the date of the verdict, minus the amount of earnings and benefits that Plaintiff received from other employment during that time.

Second, you must determine the amount of any other damages sustained by Plaintiff, such as lost future earnings, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-financial losses. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that Plaintiff has a duty under the law to "mitigate" his damages – that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if it has been proved that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

## CLOSING INSTRUCTION NO. 12

If you find that Plaintiff will sustain lost future earnings then you must reduce those future damages to their present value.

The present value of future damages is the amount of money that will fully compensate Plaintiff for future damages, assuming that amount is invested now and will earn a reasonably risk-free rate of interest for the time that will pass until the future damages occur.

You must not reduce to present value any non-economic damages you find that Plaintiff is reasonably certain to sustain in the future, such as for pain and suffering, or mental anguish

## CLOSING INSTRUCTION NO. 13

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

First, you will select a presiding juror. That person will preside over your discussions and speak for you here in court.

Second, the verdict must be unanimous. It is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict – that is, it must be unanimous.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

Third, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone – including me – how many jurors are voting for any side.

Fourth, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

Fifth, during your deliberations, please remember that you must not provide any information to anyone by any means about this case. You must not use any form of "social media" in any way, about this case, until I accept your verdict. Do not conduct any independent research, reading, or investigation about the case.

Finally, the verdict form is simply the written notice of the decisions that you reach in this case. Please take a moment now to look over the attached form. You will take this form to the jury room, and when each of you has agreed on the verdict as to each cause of action, your presiding juror will fill in the form, sign, and date it. Upon completing the form, the presiding juror should advise the bailiff that you are ready to return to the courtroom.